## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ELDRIDGE BOYD**                                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.:**   **1:07CV820-LTS-RHW**

**STATE FARM, ct al.**                                          **DEFENDANTS**


### PLAINTIFF'S RESPONSE TO
### E.A. RENFROE & COMPANY, INC.'S MOTION FOR SANCTIONS

I. INTRODUCTION

E.A. Renfroe & Company, Inc.'s, ("Renfroe") Motion for Sanctions seeks fees and costs for its inclusion as a Defendant in cases before this Court from which it was dismissed by Plaintiff prior to filing either an answer to the complaints at issue or filing motions to dismiss those complaints. Further, Renfroe asserts despite much evidence to the contrary that all the claims alleged by Plaintiff against Renfroe are wholly lacking in factual and legal merit. Finally, Renfroe makes unfounded and sweeping claims about the motives of Plaintiffs' counsel in order to advance its misguided Motion.

Contrary to Renfroe's representations, the claims filed against it in the wake of Hurricane Katrina were not brought in retaliation for its lawsuit against Kerri and Cori Rigsby but rather the claims arose from Renfroe's role in wrongfully denying many of the Plaintiff's valid homeowners claims and its decision to take part in a conspiracy with State Farm to the detriment of all State Farm policyholders in Mississippi. Plaintiff initiated litigation against Renfroe to rightfully pursue justice for the fraud perpetrated upon him at a time when he was extremely vulnerable. Plaintiff's claims, furthermore, are based upon facts and sound legal principles, and the actions of Plaintiff's counsel cannot be construed as evincing a reckless disregard for their duty to the court. To the contrary, Plaintiff's counsel have vigorously pursued justice on behalf of their clients in order to vindicate their rights.

While Renfroe asserts that it was improperly added as a Defendant in litigation before this Court (see Renfroe Motion, at 1, "…there was never any factual or legal basis to name Renfroe as a defendant in the Amended Complaint filed by the Plaintiff"), Renfroe did in fact adjust and wrongfully deny many of the Plaintiffs' claims. Furthermore, Renfroe has conspired with State Farm to commit, and did commit, institutional fraud that has affected thousands of Mississippians. Moreover, Renfroe never filed a single motion to

2

dismiss any of the allegations proffered in Plaintiffs' complaints. Finally, although Renfroe now asserts that the allegations are baseless and sanctionable, Renfroe never even answered the complaints at issue with affirmative defenses to those allegations.

Renfroe brings its request for sanctions notwithstanding its involvement in and furtherance of institutional fraud, the purpose of which was to deny valid insurance claims in the wake of Hurricane Katrina, and despite its role in adjusting and wrongfully denying many of the Plaintiffs' insurance claims. Renfroe's assertion that the litigation before this court is baseless is thus belied by the facts; Renfroe was a proper defendant in the litigation before this Court. However, Plaintiffs made a reasoned and considered decision that it was more efficient to dismiss Renfroe from the suits before this Court at the present time while continuing to conduct RICO discovery in *Shows v. State Farm* to ascertain the full extent of Renfroe's improper conduct.

Despite its untoward actions in the wake of Hurricane Katrina, Renfroe continues to waste this Court's judicial resources with unnecessary motions, even after it has been voluntarily dismissed. Renfroe's dismissal at an early stage in this litigation, its role in wrongfully adjusting and denying many of the Plaintiffs' valid homeowners claims, and its overarching role in a conspiracy with State Farm, constitute strong factors against the imposition of sanctions. Because Renfroe's Motion for Sanctions is not warranted under either the facts or the law, it must be denied.

II. LEGAL STANDARD

Defendant's Motion for Sanctions is brought pursuant to 28 U.S.C. § 1927, the Mississippi Litigation Accountability Act ("MLAA") and this Court's inherent power to impose sanctions for bad faith conduct. An imposition of sanctions under 28 U.S.C. § 1927 is highly unusual. *See West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2nd Cir. 1971). Generally, courts require a clear showing of bad faith prior to imposition of

3

sanctions. *Id. See also Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2134 (1991) ("the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad faith conduct or willful disobedience of a court's orders"). However, courts that do not require clear bad faith or willful disobedience of a court's orders when imposing sanctions pursuant to 28 U.S.C. § 1927, do require a showing that there has been a reckless disregard of the duty owed to the court. *See Ratliff v. Stewart*, 508 F.3d 225, 235, n. 13 (5th Cir. 2007) (stating, "...in *Calhoun* we did not hold that the only way to establish an 'improper purpose' is by showing bad faith. Indeed, any 'reckless disregard of the duty owed to the court' can suffice."). Acts which are merely unintended, inadvertent and/or negligent will not support an imposition of sanctions under 28 U.S.C. § 1927. *See United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. 1992)

Where courts have employed section 1927, the attorney's behavior has been repeated or singularly egregious. *See United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992). The ability of a court to assess costs under 28 U.S.C. § 1927 "is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985). 28 U.S.C. § 1927 requires a showing of vexatious conduct before a sanction requiring payment of another party's attorney fees can be imposed; inartful pleading and ignorance of legal requirements do not amount to an intentional abuse of the judicial process which 28 U.S.C. § 1927 seeks to remedy. *See Gianna Enterprises v Miss World (Jersey), Ltd.*, 551 F. Supp. 1348, 1360 (S.D.N.Y. 1982).

Pursuant to section 1927, sanctions should only be awarded following a voluntary dismissal in exceptional circumstances. *See Shavers v. Shavers*, 2007 U.S. Dist. LEXIS 6703, *24-25 (S.D. Miss. 2007). Sec. 1927 addresses those fees and costs associated with

4

"the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, *345 (5th Cir. 1991). Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense. *Browning v. Kramer*, 931 F.2d 340, *345 (5th Cir. 1991). To deter courts from dampening "the legitimate zeal of an attorney in representing her client," *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991), § 1927 is interpreted as penal in nature and thus construed in favor of the party against whom sanctions are sought. *See FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). On the basis of vague allegations and mere speculations, a court should not apply sec. 1927 or the exception to the American rule. *See In re Island Club Marina, Ltd.*, 41 B.R. 359, 363 (Bankr. N.D. Ill. 1984).

A finding of bad faith is generally required for the imposition of sanctions pursuant to a Court's inherent powers. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("The trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."); *see also Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2136 (1991) ("[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees").

THE MISSISSISSIPPI LITIGATION ACCOUNTABILITY ACT

The Mississippi Litigation Accountability Act states:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or

5

> harassment, or if it finds that an attorney or party unnecessarily expanded
> the proceedings by other improper conduct including, but not limited to,
> abuse of discovery procedures available under the Mississippi Rules of
> Civil Procedure.

MISS. CODE ANN. § 11-55-5(1) (1988).

However, in addition to the foregoing, the MLAA also states:

> No attorney's fees or costs shall be assessed if a voluntary dismissal
> is filed as to any action, claim or defense within a reasonable time after the
> attorney or party filing the action, claim or defense knows or reasonably
> should have known that it would not prevail on the action, claim or defense.

MISS. CODE ANN. § 11-55-5(2) (1988).

Further, a factor for the Court's consideration under the MLAA in determining

whether to impose fees or costs is whether an effort was made after commencement of an

action to "reduce the number of claims being asserted or to dismiss claims that have been

found not to be valid."  Miss. Code Ann. § 11-55-7(b) (1988).

III. FACTS

Notwithstanding Renfroe's representations that, "…Plaintiffs did not so much as

allege that Renfroe was involved in any way in the adjustment or denial of the very

insurance claims over which Plaintiffs are suing," (Renfroe Motion for Sanctions, at 1)

Plaintiff's Amended Complaint clearly alleges Renfroe's involvement in Plaintiff's injuries

as an active participant and integral player in the institutional fraud committed by State

Farm. Plaintiff's Amended Complaint further alleges that Renfroe did in fact adjust and

wrongfully deny many of the Plaintiff's claims.  Finally, Plaintiff's allegations are

anything but baseless, as Renfroe's role in this fraudulent scheme is supported by the facts.

Renfroe's Motion repeatedly raises the issue of Plaintiff's Amended Complaint's

supposed legal and factual deficiencies, yet Renfroe did not move to dismiss the cases at

issue prior to being voluntarily dismissed by Plaintiff, nor did Renfroe ever file an answer

asserting affirmative defenses to the claims alleged.  Renfroe claims that the motion to

6

dismiss it filed in *Shows v. State Farm* is controlling as to the cases at issue before this
Court (although *Shows v. State Farm* was brought by different Plaintiffs, contains different
causes of action, and is before a different court) and served as notice that Plaintiffs' claims
were baseless. *See* Renfroe Motion at 6. However, the *Shows* court has not ruled on the
arguments Renfroe proffers in its motion to dismiss, and the *Shows* plaintiffs likewise have
not filed their opposition to Renfroe's arguments. Instead, the *Shows* court has granted
plaintiffs' request for leave to amend their RICO complaint and rejected Renfroe's
assertions that amendment would be futile because Plaintiffs cannot prove their claims[1]. In
making this determination, the *Shows* court addressed Plaintiffs' request for amendment
under the same legal sufficiency standard that applies in the Fed. R. Civ. P. 12(b)(6)
context. *See Shows v. State Farm* Order Granting Leave to Amend  (Exh. A) (stating, "At
this stage of the pleadings, the undersigned cannot find that 'it is clear that no relief could
be granted under any set of facts that could be proved consistent with the allegations,' and,
therefore, that the proposed amendments would be futile.").

    Contrary to Renfroe's assertions of baseless allegations or claims lacking in legal
merit, the *Shows* plaintiffs' amended complaint is a detailed and particularly pleaded
recitation of Renfroe and State Farm's racketeering activities and the conspiracy they
carried out subsequent to Hurricane Katrina with the goal of denying Mississippians' valid
insurance claims. Sadly, this conspiracy was hatched at a time when Mississippians
desperately needed both State Farm and Renfroe to truly be a "good neighbor." The *Shows*
Plaintiffs reject Renfroe's protestations that its motion to dismiss in *Shows* serves as notice
that their claims are baseless. They, furthermore, vigorously contest Renfroe's denials of
liability and intend to prove their RICO claims at trial. Finally, Plaintiffs in the cases at

---

[1] In addition, this Court considered arguments from State Farm that an amendment to
Plaintiffs' Complaints to add Renfroe as a party should be denied because such amendment
would be futile. This Court rejected those arguments.

issue in Renfroe's Motion voluntarily dismissed Renfroe without prejudice not because, as

Renfroe incorrectly asserts, they knew that their allegations against Renfroe lacked legal

merit but instead because they were fully aware of Renfroe's role in the RICO conspiracy

at issue in *Shows* and sought, in light of that information, to reserve the right to pursue

their valid claims against Renfroe at a later date after discovery is conducted in *Shows*.

Because Renfroe was directly involved in adjusting and wrongfully denying many

of the Plaintiffs' hurricane claims whose cases are at issue in Renfroe's Motion, and

because Plaintiffs have pleaded direct allegations of Renfroe's involvement in a broad

conspiracy that affected all State Farm policyholders in the wake of Hurricane Katrina,

Renfroe's assertion that it is entitled to fees and costs should be denied. *See West Virginia*

*v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2nd Cir. 1971) (An imposition of sanctions

under 28 U.S.C. § 1927 is highly unusual.); *see also Chambers v. NASCO*, Inc., 111 S. Ct.

2123, 2134 (1991) ("the narrow exceptions to the American Rule effectively limit a court's

inherent power to impose attorney's fees as a sanction to cases in which a litigant has

engaged in bad faith conduct or willful disobedience of a court's orders").

Renfroe fails to meet the burden of showing clear bad faith or a reckless disregard

for the duty owed to this Court that is required for imposition of fees and costs as a

sanction. Instead, in a faltering and ultimately unsuccessful attempt to meet this burden,

Renfroe cobbles together suppositions, innuendo and wild accusations. Plaintiff's

allegations, which Renfroe attempts to portray as brought in bad faith or with reckless

disregard, are in fact well-founded explications of Renfroe's role in a conspiracy and its

direct involvement in wrongfully denying many of the Plaintiffs' valid homeowners

claims. Because Renfroe's inclusion in the lawsuits at issue in this Motion was based upon

sound legal principles and allegations supported by facts, an imposition of sanctions for

such inclusion would be improper.

8

Further, even assuming, *arguendo*, that Renfroe was wrongfully included as a defendant in the lawsuits for which it now brings its Motion, Renfroe was a defendant for approximately forty-five days and never filed a motion to dismiss, or an answer asserting affirmative defenses to Plaintiff's allegations and stating the reasons why it was not properly included. Based upon these facts, Renfroe's claim to sanctions under the applicable law is misguided. *See* MISS. CODE ANN. § 11-55-5(2) (1988) ("No attorney's fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim or defense within a reasonable time after the attorney or party filing the action, claim or defense knows or reasonably should have known that it would not prevail on the action, claim or defense."); *see also Shavers v. Shavers*, 2007 U.S. Dist. LEXIS 6703, *24 (S.D. Miss. 2007) (Sec. 1927 sanctions should only be awarded following a voluntary dismissal in exceptional circumstances); *see also Browning v. Kramer*, 931 F.2d 340, *345 (5th Cir. 1991) (Under § 1927, only those fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded). For all of the foregoing reasons, and based upon the detailed legal analysis to follow, Renfroe's Motion for Sanctions should be denied.

## IV. ARGUMENT

I.  PLAINTIFF'S CLAIMS AGAINST THE RENFROE DEFENDANTS ARE LEGALLY AND FACTUALLLY SOUND AND THUS DO NOT WARRANT SANCTIONS

A. The Renfroe Defendants Adjusted and Wrongfully Denied Many of the Plaintiffs' Valid Insurance Claims and Engaged in a Conspiracy to Deny Mississippians' Valid Homeowners Claims

Renfroe was directly involved in adjusting and wrongfully denying the valid insurance claims filed by many of the Plaintiffs whose allegations are at issue in its Motion. Further, Renfroe was both an active participant and an integral player in the institutional fraud committed by State Farm. Renfroe's participation in this institutional fraud (which was clearly alleged in the complaints at issue in this Motion) affected all

9

State Farm policyholders and took the form of a conspiracy to wrongfully deny valid insurance claims. Thus, while Renfroe asserts that the allegations brought by Plaintiff is baseless, the facts tell a different story.

In its attempt to argue that Plaintiff and his counsel have acted in bad faith by initiating lawsuits seeking justice for Renfroe's adjustment and wrongful denial of many of the Plaintiffs' insurance claims and institutional fraud, Renfroe strings together supposition upon supposition in order to "prove" bad faith where there is none. Renfroe's allegations of "retaliatory litigation" do not stand up to the facts. Renfroe acted as a key participant and conspirator in a plan to wrongfully deny Mississippians' valid insurance claims by using false engineering reports to defraud policyholders out of their rightfully owed monies. The tactics used to further this conspiracy included spoliation of evidence, document destruction, perjury and obstruction of justice. Renfroe engaged in and aided and abetted these tactics and the overarching conspiracy. Renfroe further failed to inform Mississippi policyholders of the harm that was being done to their interests.

For example, Renfroe received two engineering reports for Glenda Shows' residence after she filed a claim with State Farm following Hurricane Katrina – one issued in October of 2005 concluding wind damaged the residence and the second issued in January of 2006, fraudulently concluding water destroyed the residence. Renfroe never informed Ms. Shows about the engineering report finding her home had been damaged by wind; instead, a Renfroe employee, Philip Davis, visited Ms. Shows at her home prior to her April 2006 mediation with State Farm, which Renfroe participated in, and represented to her that the January 2006 report was the only report that was ever prepared for her property. Ms. Shows inquired as to how a report prepared in January of 2006 could have been used to deny her claim in October of 2005. Mr. Davis and Renfroe failed to provide a response and instead allowed Ms. Shows to attend the April mediation without knowledge

of the October 2005 report, where she was defrauded into accepting $59,000 for the destruction of her home, when the damage was fully covered under her policy and should have been paid for by State Farm.

State Farm and Renfroe's plan worked (at least until now) as intended: Ms. Shows was coerced and misled into accepting much less on her insurance claim than she was rightfully entitled to receive. Based upon this egregious record of misdeeds and fraud, Renfroe nevertheless contends that Plaintiff and his counsel have acted in bad faith in initiating the litigation at issue in Renfroe's Motion and that said litigation is "retaliatory." However, the bare supposition and speculation upon which Renfroe's Motion is based cannot be the basis for an award of sanctions. *See In re Island Club Marina*, Ltd., 41 B.R.359, 363 (Bankr. N.D. Ill. 1984) ("On the basis of vague allegations and mere speculations, the court cannot apply Section 1927 or the exception to the American rule."). Sec. 1927 should be strictly construed in order to prevent the courts from dampening "the legitimate zeal of an attorney in representing her client." *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994) citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). Because Renfroe's assertions of retaliation are mere speculation, they do not meet the heavy burden required to show entitlement to sanctions under section 1927 or this Court's inherent powers and should thus be rejected.

Renfroe's characterizations of Plaintiff's allegations as "intentional harassment" or "revenge litigation" (Renfroe Motion, p. 11) serve merely as a smokescreen for what is in fact a disturbing record of institutional fraud perpetrated upon all State Farm policyholders with Renfroe's assent and active participation. Further, neither the *Shows* plaintiffs nor the *Shows* court, when faced with these allegations, have deemed them to be "baseless" or "without merit." The *Shows* plaintiffs' claims against Renfroe, and the Plaintiffs whose allegations are at issue in this Motion, instead derive from their reasonable and well-

11

founded belief, taking into account the facts that have come to light since the inception of

Katrina litigation regarding Renfroe and State Farm's participation in a fraudulent course

of conduct to deny valid homeowners claims, that Renfroe engaged in a conspiracy with

State Farm perpetrated against all State Farm policyholders. Because Plaintiff's

allegations are based upon his reasonable belief, in light of facts that are presently known,

that Renfroe has engaged in institutional fraud and wrongfully denied many of the

Plaintiffs' valid homeowners claims, Plaintiff's allegations against Renfroe are not brought

in bad faith. *See Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (stating, "A claim

is colorable and, therefore, not in bad faith when it has some legal and factual support,

considered in light of the reasonable beliefs of the individual making the claim.").

Renfroe asserts in its Motion that a claim for aiding and abetting is not recognized

by Mississippi courts and thus Plaintiff, by alleging aiding and abetting, has filed a

frivolous claim that justifies an award of fees and costs. (Renfroe Motion for Sanctions, at

15). However, Plaintiff's allegation that Renfroe has aided and abetted State Farm's fraud

is not at all frivolous, either legally or factually. No less than the Fifth Circuit Court of

Appeals has addressed this very issue and determined that "…while the Mississippi

Supreme Court has not explicitly recognized the tort of aiding and abetting fraud, this court

predicts that such a claim is viable under Mississippi law." *Dale, et al., v. ALA*

*Acquisitions, Inc., et al.*, 203 F. Supp. 2d 694, 700 (S.D. Miss. 2002). Thus, Renfroe's

assertion that Plaintiff's aiding and abetting claims is legally frivolous constitutes mere

hyperbole and is in fact contradicted by this Court's precedent.

Renfroe also devotes considerable effort in its Motion to outlining the supposed

deficiencies in Plaintiff's pleading of fraud and other causes of action. (Renfroe Motion at

16). However, as must be reiterated, Renfroe never once filed a motion to dismiss these

allegations based upon the pleading deficiencies it now deems worthy of sanctions.

12

Further, a failure to plead fraud with particularity, or other pleading deficiencies, hardly suffices to meet the standard of bad faith or reckless disregard for one's duty to the court. While Plaintiff insists that the allegations proffered against Renfroe respecting its role in the fraud at issue were properly and particularly pleaded and adequate to meet Fed. R. Civ. P. 9(b) standard, even accepting Renfroe's position, its assertions of bad faith and reckless disregard based upon failure to plead fraud with particularity are not supported by legal precedent.

The assertion of an allegation that is poorly pleaded based upon one's reasonable belief in its veracity should not be construed as bad faith or reckless disregard. *See United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. 1992) ("Unintended, inadvertent and negligent acts will not support an imposition of sanctions under section 1927."); *see also Gianni Enterprises v. Miss World (Jersey), Ltd.*, 551 F. Supp. 1348, 1360 (S.D.N.Y. 1982) ("Inartful pleading and ignorance of legal requirements do not amount to the intentional abuse of judicial process that is the target of protective awards of attorneys' fees.").

Continuing with its misguided assertion that Plaintiff's counsel has retaliated against it, Renfroe raises a canard it has utilized many times recently. Renfroe continues to repeat this falsehood, though it has been rejected by the very court that issued the injunction Renfroe claims Plaintiff's counsel violated. Renfroe represents to this Court that it had a phone conversation with Plaintiff's counsel where said counsel offered to turn over documents to Renfroe that were subject to Judge Acker's injunction (and thus should not have been in counsel's possession) in the *Moran* litigation if Renfroe would dismiss the *Moran* suit. *See* Renfroe Motion at 20. However, Judge Acker himself issued a ruling addressing this issue and determined that Renfroe's assertions were false:

> Renfroe argues that Scruggs Katrina Group member Don Barrett's offer to provide additional documents to Renfroe ... constitutes further evidence of contumacious conduct that calls for punitive sanctions. **The**

13

**Court disagrees. There is no evidence that the documents Barrett offered "refer to or relate to any insurance claims involving damage caused or alleged to have been caused by Hurricane Katrina in the State of Mississippi" and therefore falls within the scope of this injunction.**

Judge Acker's Memorandum Opinion, June 15, 2007 (Emphasis Added) (Exh. B)

Despite this clear ruling from the Court that issued the injunction in question finding that Plaintiff's counsel did not violate the injunction, Renfroe states in its Motion that "Plaintiff's counsel stated they would return documents to the Renfroe Company that the Rigsbys Sisters had stolen and that were subject to the injunction in the *Moran* litigation..." Renfroe Motion at 20. Such explicit falsehoods should not serve as the basis for a motion for sanctions and should instead be disregarded as baseless.

Renfroe cites repeatedly to *Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007) as support for its misguided assertion that it is entitled to fees & costs. *Ratliff*, however, is wholly inapposite to the facts before this Court and should thus be disregarded. In *Ratliff*, an attorney mistakenly sued the son of a doctor (who was also a doctor) on behalf of his patient who was harmed by a medication. *Id.* at 227-228. Unlike in the cases at issue in this Motion, the doctor that was improperly sued had no connection whatsoever to the case before the court. *Id.* Further, and also at variance with the cases at issue, the doctor in *Ratliff* filed an answer to the plaintiff's complaint and filed a motion to dismiss the allegations. *Id.* at 228. And, the doctor in *Ratliff* was not dismissed from the case until seven months after the complaint improperly naming him as a defendant was filed. *Id.* While Renfore attempts to analogize *Ratliff* to the facts before this court, such an analogy is imperfect at best. Renfore's connections to the cases at issue are pervasive; Renfroe adjusted and wrongfully denied many of the Plaintiff's hurricane claims and engaged in institutional fraud that worked to the detriment of all State Farm policyholders. Moreover,

14

Renfroe never filed an answer or a motion to dismiss the complaints that it now contends are baseless. Finally, Renfore was dismissed from the cases at issue approximately forty-five days after being named as a defendant. The facts in *Ratliff* are thus inapplicable to those at issue in Renfore's Motion.

Renfroe's assertion that Plaintiff's claims are baseless and frivolous is belied by the facts presently known about its activities subsequent to Hurricane Katrina. Further, Renfroe adjusted and wrongfully denied many of the Plaintiff's claims, and Renfroe engaged in institutional fraud with State Farm that had detrimental and far-reaching effects upon all State Farm policyholders. In light of Renfroe's egregious acts that have injured Plaintiff, its assertion of entitlement to fees & costs for inclusion in the cases at issue should be denied.

> B. Renfroe Is Not Entitled To Fees Because It Was a Defendant For
> Approximately Forty-Five Days and Never Filed a Responsive Pleading

Although Renfroe's assertion that the claims brought against it are lacking in factual and legal merit is false, even granting Renfroe its position on this matter, Renfroe's insistence that it is entitled to fees is nevertheless misguided. Renfroe was brought into the suits at issue on or around December 12, 2007, and was voluntarily dismissed from those same suits approximately forty-five days later. In that intervening period, Renfroe neither filed an answer to the allegations it now contends are baseless asserting affirmative defenses thereto, nor filed motions to dismiss those allegations.

However, now that Renfroe has been freed from any obligation to litigate the cases at issue (although the allegations proffered against it are in fact sound), it nevertheless seeks sanctions. While sanctions awards are rare, an award of costs & fees where a party has been dismissed from litigation at such an early stage in the proceedings would be exceptional (particularly where the allegations are both factually and legally sound).

15

Respectfully, the facts in the cases at issue in this Motion are not exceptional such that

Renfroe's request for sanctions is warranted. *See West Virginia v. Chas. Pfizer & Co.*, 440

F.2d 1079, 1092 (2nd Cir. 1971) (stating, "An imposition of sanctions under 28 U.S.C. §

1927 is highly unusual.")); *see also Shavers v. Shavers*, 2007 U.S. Dist. LEXIS 6703, *24

(S.D. Miss. 2007) (stating, "§ 1927 sanctions should only be awarded following voluntary

dismissal in 'exceptional circumstances.'").

 Although Renfroe fails to cite the pertinent provision to this Court, the Mississippi

Litigation Accountability Act counsels that:

> No attorney's fees or costs shall be assessed if a voluntary dismissal is filed
> as to any action, claim or defense within a reasonable time after the attorney
> or party filing the action, claim or defense knows or reasonably should have
> known that it would not prevail on the action, claim or defense.

MISS. CODE ANN. § 11-55-5(2) (1988).

Further, a factor for the Court's consideration under the MLAA in determining

whether to impose fees or costs is whether an effort was made after commencement of an

action to "reduce the number of claims being asserted or to dismiss claims that have been

found not to be valid." Miss. Code Ann. § 11-55-7(b) (1988).

 Even taking into account Renfroe's contention that the claims filed by Plaintiff are

baseless, which is nevertheless wholly false, Renfroe's request for sanctions would be

inconsistent with clear statutory law, and applicable legal precedents. The MLAA

recognizes that voluntary dismissal of a party, or withdrawal of particular claims, at an

early date in litigation should be a controlling factor in a determination of whether fees &

costs are properly awarded and counsels against such an award. While Plaintiff vigorously

contests Renfore's characterizations of his claims as baseless or frivolous, Planitiff's

dismissal of Renfroe approximately forty-five days from Renfroe's inclusion as a

Defendant should counsel against an assessment of costs & fees. Further, Renfroe's failure

to answer or file motions to dismiss the allegations it now contends are baseless should likewise be a decisive factor.

Renfroe's insistence that it is entitled to fees where it was included as a Defendant in a lawsuit for approximately forty-five days and then voluntary dismissed, is not credible. Further, because Plaintiff's claims against Renfroe are not in the least frivolous, Renfroe's assertions in this regard should be rejected. As evidenced by Renfroe's handling of Glenda Shows' hurricane claim, Renfroe's claims of innocence simply don't stand up to the facts.

### V. CONCLUSION

Renfroe's assertions of entitlement to fees and costs are not supported by the facts or the applicable law. Renfroe's dismissal at an early stage in this litigation, its role in wrongfully adjusting and denying many of the Plaintiff's valid homeowners claims, and its overarching role in a conspiracy with State Farm, constitute strong factors against the imposition of sanctions. Because Renfroe's Motion for Sanctions is not warranted under either the facts or the law, Plaintiff respectfully request that Renfroe's Motion for Sanctions be denied.

Respectfully submitted, this the 1st day of April, 2008.

PLAINTIFF

By:/s/Dewitt M. Lovelace
     Dewitt M. Lovelace, MSB No. 1449
     LOVELACE LAW FIRM, P.A.
     36474 Emerald Coast Parkway, Suite 4202
     Destin, FL 32541
     Tel: (850) 837-6020
     Fax: (850) 837-4093
     dml@lovelacelaw.com

Of Counsel:

Don Barrett, MSB Bar No. 2063
Richard Barrett, MSB Bar No. 98108
David McMullan, MSB Bar No. 8494
BARRETT LAW OFFICE
P.O. Box 987
Lexington, MS 39095
Tel: 662-834-2376
Fax: 662-834-2409
dbarrett@barrettlawoffice.com
rrbarrett@barrettlawoffice.com
dmcmullan@barrettlawoffice.com

Mary E. McCalister, MSB No. 2170
Derek A. Wyatt, MSB No. 7413
NUTT & MCALISTER, PLLC
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel: 601-898-7302
Fax: 601-898-7304
mcalister@davidnutt.com
dwyatt@davidnutt.com


Dewitt M. Lovelace, MSB No. 1449
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541
Tel: (850) 837-6020
Fax: (850) 837-4093
dml@lovelacelaw.com

Zach Butterworth, MSB No. 9946
Gary Yarborough, MSB No. 102310
HEESE & BUTTERWORTH, PLLC
841 Hwy. 90
Bay St. Louis, MS 39520
Tel: (228) 466-0020
Fax: (228) 466-0550
zbutterworthlaw@bellsouth.net
garyyarborough@bellsouth.net

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 1st day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following counsel of record:

Sherrie L. Moore
ALLEN, COBB, HOOD & ATKINSON, P.A.
P.O. Drawer 4108
Gulfport, MS 39502-4108
228/864-4011
Fax: 228/864-4852
Email: smoore@achalaw.com

Harry R. Allen
ALLEN, COBB, HOOD & ATKINSON, PA
P.O. Drawer 4108
Gulfport, MS 39502-4108
228/864-4011
Fax: 228/864-4852
Email: hallen@achalaw.com

Margaret Puckett McArthur
ALLEN, COBB, HOOD & ATKINSON, PA
P.O. Drawer 4108
Gulfport, MS 39502-4108
228/864-4011
Fax: 228/864-8052
Email: mmcarthur@achalaw.com

Michael Clark McCabe, Jr.
ALLEN, COBB, HOOD & ATKINSON, PA
P.O. Drawer 4108
Gulfport, MS 39502-4108
228/864-4011
Fax: 228/864-4852
Email: mmccabe@achalaw.com

**Attorneys for State Farm Mutual Automobile Insurance Company**

Hal S. Spragins
HICKMAN, GOZA & SPRAGINS
P.O. Drawer 668
Oxford, MS 38655-0668
662/234-4000
Email: sspragins@hickmanlaw.com

**Attorney for State Farm Fire and Casualty Company**

Christine Lipsey - PHV
MCGLINCHEY STAFFORD, PLLC - Baton Rouge
One American Place
301 Main Street, Suite 1400
Baton Rouge, LA 70825
225/383-9000
Fax: 225/343-3076
Email: clipsey@mcglinchey.com

H. Hunter Twiford, III
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS 39225-2949
601-960-8400
Email: htwiford@mcglinchey.com

James Francis Hibey - PHV
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2402
202/383-6778
Fax: 202/383-6610
Email: hibeyj@howrey.com

Joseph Walker - PHV
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2402
202/383-6588
Fax: 202/383-6610
Email: walkerj@howrey.com

Robin Leigh Beardsley
SIROTE & PERMUTT
P. O. Box 55727
Birmingham, AL 35255-5727
205/930-5100
Email: rbeardsley@sirote.com

David Aaron Norris
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS 39225-2949
601-960-8400
Fax: 601-960-3520
Email: dnorris@mcglinchey.com

**Attorneys for E.A. Renfroe, Inc. and Gene Renfroe & Jana Renfroe**

s/Dewitt M. Lovelace
DEWITT M. LOVELACE (MSB No. 1449)
Attorney for Plaintiffs